## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**REBECCA CARVER,**

    **Plaintiff,**               **Case No.:**

**v.**

**BLUE ORIGIN FLORIDA, LLC, a**
**Florida Limited Liability Company,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff REBECAA CARVER, by and through her undersigned counsel brings this action against Defendant BLUE ORIGIN FLORIDA, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and the Florida Civil Rights Act ("FCRA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 ("Title VII") and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended ("ADAAA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory

damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1.    This is an action at law that raises a federal question under federal law.

2.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has supplemental jurisdiction over Plaintiff's state law claims.

3.    The Plaintiff's claims arise under the laws of the United Sates. venue is proper pursuant to 28 U.S.C. §1391.

4.    Additionally, the events giving rise to this action occurred in Brevard County, Florida which is within this District.

## PARTIES

5.    Plaintiff was hired by Defendant on or about May 2, 2022, as a Level II TIG (Tungsten Inert Gas) Welder.

6.    Plaintiff remained in this position until her unlawful termination on October 24, 2022.

7.    Plaintiff was employed by Defendant in Brevard County, Florida.

8.    Defendant BLUE ORIGIN FLORIDA, LLC, is a limited liability company.

9.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

10.    Defendant employs more than fifty (50) employees.

11.    Plaintiff was an "employee" as defined by the ADAAA.

12.    Defendant is an "employer" as defined by the ADAAA.

13.    Plaintiff was an "employee" as defined by Title VII.

14.    Defendant is an "employer" as defined by Title VII.

15.    Plaintiff was an "employee" as defined by the FCRA.

16.    Defendant is an "employer" as defined by the FCRA.

## STATUTORY PREREQUISITES

17.    Plaintiff is a female.

18.    During her employment with Defendant, Plaintiff suffered discrimination based on her gender.

19.    Additionally, Plaintiff was also an individual with a disabling medical condition who suffered discrimination based on her disability.

20.    As such, Plaintiff is a member of a class of individuals protected by Title VII, ADAAA and FCRA.

21.    At all times material to the allegations herein, Plaintiff was qualified for her position of employment as a Level II TIG Welder .

22.    Defendant meets the statutory criteria for coverage as an "employer" under Title VII, ADAAA and the FCRA.

3

23.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, ADAAA and the FCRA.

24.    Plaintiff timely filed her Charge of Discrimination with the EEOC on or around February 3, 2023.

25.    The EEOC issued a Dismissal and Notice of Rights on October 24, 2024.

26.    Therefore, the initial Complaint in this action is being filed within 90 days of Defendant receiving her right-to-sue letter.

27.    Accordingly, Plaintiff has complied with all other Title VII, ADAAA and FCRA requirements and all prerequisites prior to bringing this action.

## FACTS

28.    Defendant initially hired Plaintiff as an Independent Contractor in January 2022.

29.    However, on May 2, 2022, Plaintiff was hired as an employee of Defendant as a Level II TIG Welder.

30.    Prior to working with Defendant, Plaintiff had over 19 years of experience as a welder.

31.    Someone with Plaintiff's experience would typically qualify for a Level III or Senior TIG Welder position.

4

32.     Someone with Plaintiff's experience should have earned between $50 and $70 an hour.

33.     However, because Plaintiff is a woman, she was placed in a lower position and was only paid $32 an hour, some $18 to $38 less than her male colleagues with fewer years of experience.

34.     Plaintiff's primary responsibility was to weld rocket fuel systems, while in an engineer-controlled environment.

35.     Shortly after being hired as an employee, Casey Robertson, Plaintiff's immediate supervisor, told Plaintiff he did not want Ms. Carver as a team member because she is a woman.

36.     In fact, Robertson shockingly told Plaintiff that it was not his choice to hire her because Plaintiff was a woman working in a male–dominated industry.

37.     Robertson would often state to Plaintiff that she was a "welder in a man's world."

38.     In May 2022, Plaintiff complained about Robertson's discriminatory comments to Kalya Donavil of the Human Resources Department and Alexa Good from the Retaliation Department.

39.     Rather than properly investigate her claims and take appropriate action, Robertson began a campaign of retaliation against Plaintiff for her complaint.

40.    Specifically, Robertson relegated Plaintiff from the Fusion Weld Shop, which was an airconditioned controlled environment, to the back garage where there was no air conditioning.

41.    Plaintiff was also forced to work alone in a hazardous environment.

42.    Plaintiff was also forced to perform demeaning tasks like being forced to sew buttons on the shirt of David Denner, her Team Lead.

43.    Denner stated that sewing was a woman's job and thought it was appropriate to assign his only female welder with the task of sewing on buttons.

44.    Plaintiff made another complained to Human Resources about the discriminatory behavior, however nothing was done.

45.    Plaintiff continued to experience retaliation.

46.    On another occasion, Corey Cummings, an employee of Defendant, yelled at Ms. Carver because he stated she was "standing there pouting."

47.    Plaintiff understood this comment to be a gender based derogatory comment.

48.    In addition, Defendant refused to properly train Plaintiff like her male coworkers were trained.

49.    Moreover, Plaintiff was chastised every time she asked for assistance.

6

50.    Plaintiff was not even given company shirts like the rest of the male employees within her shop.

51.    Plaintiff was not allowed to take extended lunches like Defendant's male employees.

52.    Plaintiff was not allowed to eat at her desk like Defendant's male employees.

53.    Plaintiff was not allowed to utilize her phone in her workspace like the other male employees.

54.    On September 12, 2022, Plaintiff suffered her first work- related injury.

55.    More specifically, Plaintiff injured her back while bending twelve pieces of metal into 90-degree angles.

56.    Two employees should have completed this particular job however, like most tasks Plaintiff was assigned, she completed this job without assistance or support of any kind.

57.    Plaintiff sought treatment with her Chiropractor on September 12, 2022.

58.    Plaintiff informed her supervisor of the accident.

59.    On October 19, 2022, the Plaintiff suffered a second workplace injury.

60.    This time, while attempting to maneuver aluminum weighing up to 385 pounds, Plaintiff suffered severe back pain and  upper right shoulder and had a bone sticking out an inch in her back.

61.    As a result, Plaintiff visited Blue Origin's medical facility on October 20, 2022.

62.    The treating physician referred Plaintiff to her primary care physician Dr. Robert Holfielder at Royal Oaks Medical Center.

63.    Plaintiff was diagnosed with a upper back strain.

64.    Plaintiff's upper back strain caused chronic back pain which limited Plaintiff's ability to walk, bend and lift items.

65.    As a result, Plaintiff was disabled because her condition substantially limited one or mor of Plaintiff's major life activities.

66.    Dr. Holfielder provided Plaintiff with specific light duty recommendations.

67.    Specifically, Plaintiff was recommended to not push or pull more than five (5) pounds.

68.    The Plaintiff provided her light duty restrictions to the Defendant.

69.    Plaintiff's direct supervisor, Robertson, told Plaintiff that "there was no light duty for welders."

70.    This was false as Defendant had previously provided light duty to male welders.

71.     Additionally, rather than accommodate Plaintiff's work restrictions, on October 24, 2022, the Company terminated Plaintiff.

72.     Plaintiff was treated differently than similarly situated employees who were male.

73.     Defendant subjected Plaintiff to adverse employment actions because of her complaints regarding sex discrimination.

74.     Plaintiff was treated differently than similarly situated non-disabled employees.

75.     Defendant refused to accommodate Plaintiff's request for accommodations.

76.     Defendant subjected Plaintiff to adverse employment actions because of her disability.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION TITLE VII

77.     Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 13-14, 17-18, 20-53, 56, and 70-73, above as if fully set forth herein and further states:

78.     Plaintiff is a member of a protected class because she is female.

79.     At all material times, Plaintiff was qualified to perform her job duties.

80.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her.

81.    Defendant did not subject the non-female employees to discriminatory treatment.

82.    Plaintiff suffered an adverse employment action when she was forced to work in less favorable conditions.

83.    Plaintiff also suffered an adverse employment action when she was paid less than other similarly situated male employees.

84.    The discrimination to which Plaintiff was subjected was based on her sex.

85.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

87.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

88.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

g.    reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

h.    any additional relief that this Court deems just.

**COUNT II**

## RETALIATION UNDER TITLE VII

89.    Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 13-14, 17-18, 20-53, 56, and 70-73, above as if fully set forth herein and further states:

90.    Plaintiff is a member of a protected class, i.e., she is a female.

91.    Title VII prohibits Defendant from discriminating against Plaintiff on the basis of sex.

92.    Plaintiff suffered an adverse action.

93.    Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

94.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

95.    Plaintiff engaged in protected conduct when she complained about gender-based discrimination on numerous occasions.

96.    There was a causal connection between the protected conduct and the adverse action.

97.    Plaintiff's complaints of and opposition to discriminatory conduct constitute protected activity under Title VII.

98.    Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which

Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

99.   As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

100.   Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

101.   The above-described discrimination and retaliation were committed by Defendant with a reckless disregard for Plaintiff's rights under federal law.

102.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, has suffered and continues to suffer from mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.   judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.   require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

g.    reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

h.    any additional relief that this Court deems just.

<u>**COUNT III**</u>
<u>**SEX DISCRIMINATION IN VIOLATION OF FCRA**</u>

103.    Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 15-16, 13-14, 17-18, 20-53, 56, and 70-73, above as if fully set forth herein and further states:

104.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

105.    Defendant discriminated against Plaintiff based on sex.

106.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

107.   Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

108.   At all material times, Plaintiff was qualified to perform her job duties.

109.   Defendant discriminated against Plaintiff because of her sex.

110.   Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

111.   The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

h.      any additional relief that this Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

112.    Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 15-16, 13-14, 17-18, 20-53, 56, and 70-73, above as if fully set forth herein and further states:

113.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

114.    At all material times, Plaintiff was qualified to perform her job duties.

115.    Defendants retaliated against Plaintiff because of her multiple complaints about gender discrimination.

116.    Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendants regarding sex discrimination.

117.    Defendants engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

118.    The above retaliation was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

b.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

g.    reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

h.    any additional relief that this Court deems just.

## COUNT V
## DISCRIMINATION UNDER THE ADAAA
## (DISPARATE TREATMENT)

119.    Plaintiff realleges and adopts allegations contained in paragraphs 1-12, 19-29, 54-71, and 74-76, above as if fully set forth herein and further states:

120.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

121.    Plaintiff was discriminated against by the Defendant due to her disability in violation of federal law.

122.    Defendant was aware of Plaintiff's disability.

123.    Defendant received notice from Plaintiff's physician regarding her disability and limitations.

124.    Defendant discriminated against the Plaintiff because of her disability.

125.    Defendant subjected Plaintiff to an adverse employment action because of her disability.

126.    Defendant engaged in unlawful employment practices prohibited by the ADAAA by discriminating against Plaintiff as set forth above.

18

127.    The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

128.    Defendant treated Plaintiff differently than other non-disabled employees.

129.    Any alleged non-discriminatory reason given by Defendants for treating Plaintiff differently than other non-disabled employees is pretexted for unlawful discrimination.

130.    As direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

131.    Plaintiff is protected by the ADAAA.

a.    Plaintiff was a disabled employee who suffered discrimination because of her disability by Defendant; and

b.    Plaintiff suffered an adverse employment action as a result of her disability.

132.    Defendant  was  at  all material times an "employer" as envisioned and defined by the ADAAA.

133.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

134. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

135. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

136. Plaintiff was a disabled individual, during her employment with the Defendant. Therefore, she is a member of a protect class as envisioned by the ADAAA.

137. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

138. The discrimination to which Plaintiff was subjected was based on her disability.

139. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

140. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT VI
## HANDICAP DISCRIMINATION IN VIOLATION OF THE FCRA
## (DISPARATE TREATMENT)

141.   Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 15-16, 19-29, 54-71, and 74-76, above as if fully set forth herein and further states:

142.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

143.   Plaintiff has severe arthritis, a disabling condition, and therefore, she is a member of a protected class.

144.   Plaintiff was qualified for her position with Defendant.

145.   Plaintiff was subjected to the adverse employment action.

146.   Plaintiff was treated less favorably than non-handicap, similarly situated employees.

147. Defendant discriminated against Plaintiff because of her handicap.

148. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her handicap.

149. The discrimination to which Plaintiff was subjected was based on her handicap.

150. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

151. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

152. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

153. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

**COUNT VII**
**DISCRIMINATION UNDER THE ADAAA**
**(FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS)**

154.    Plaintiff realleges and adopts allegations contained in paragraphs 1-12, 19-29, 54-71, and 75-76, above as if fully set forth herein and further states:

155.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

156.    Plaintiff was discriminated against by the Defendant due to her disability in violation of federal law.

157.    Defendants were aware of Plaintiff's disability.

158.    Defendants received notice from Plaintiff's physician regarding her condition and limitations.

159.    Defendant failed to engage in the interactive process to determine whether reasonable accommodations could be given to Plaintiff without creating

an undue hardship to Defendant.

160. Defendant denied Plaintiff reasonable accommodation as required by federal law.

161. Plaintiff is protected by the ADAAA:

a. Plaintiff was a disabled employee who suffered discrimination because of her disability by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability.

162. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

163. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. See 42 U.S.C. § 12102.

164. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

165. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

166. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

167. Plaintiff was a disabled individual, during her employment. Therefore, she is a member of a protect class as envisioned by the ADAAA.

168.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

169.   The discrimination to which Plaintiff was subjected was based on her disability.

170.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

171.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT VIII
## HANDICAP DISCRIMINATION IN VIOLATION OF THE FCRA
## (FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS)

172.    Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 15-16, 19-29, 54-71, and 75-76, above as if fully set forth herein and further states:

173.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

174.    Plaintiff a lower back strain which cause severe back pain, a disabling condition, and therefore, she is a member of a protected class.

175.    Plaintiff was qualified for her position with Defendant.

176.    Defendant was aware of Plaintiff's disability.

177.    Defendant received notice from Plaintiff's physician regarding her medical condition and limitations.

178.    Defendant failed to engage in the interactive process to determine whether reasonable accommodations could be given to Plaintiff without creating an undue hardship to Defendant.

179.    Defendant denied Plaintiff reasonable accommodation as required by federal law.

180.    Plaintiff was subjected to the adverse employment action of being forced to resign.

181.    Plaintiff was treated less favorably than non-handicap, similarly

situated employees.

182.    Defendant discriminated against Plaintiff because of her handicap.

183.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her handicap.

184.    The discrimination to which Plaintiff was subjected was based on her handicap.

185.    Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

186.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

187.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

188.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT IX
## RETALIATION UNDER THE ADAAA

189. Plaintiff realleges and adopts allegations contained in paragraphs 1-12, 19-29, 54-71, and 74-76, above as if fully set forth herein and further states:

190. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

191. Plaintiff was retaliated against by the Defendant due to her disability in violation of federal law.

192. Plaintiff made numerous requests for accommodations and Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship

to Defendant.

193.    Rather than engage in the interactive process, Defendant denied Plaintiff reasonable accommodation and began retaliating against her because of her many requests for an accommodation.

194.    Plaintiff is part of a class of individuals protected by the ADAAA:

195.    Plaintiff was a disabled employee who suffered discrimination because of her disability by Defendant; and

196.    Plaintiff suffered an adverse employment action as a result of her disability.

197.    Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

198.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. See 42 U.S.C. § 12102.

199.    Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

200.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

201.    Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

202.    Plaintiff was a disabled individual during her employment with

the Defendant. Therefore, she is a member of a protected class as envisioned by the ADAAA.

203.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

204.   The retaliation to which Plaintiff was subjected was based on she disability.

205.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

206.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

**COUNT X**
**HANDICAP RETALIATION IN VIOLATION OF FCRA**

207.    Plaintiff realleges and adopts allegations contained in paragraphs 1-10, 15-16, 19-29, 54-71, and 74-76, above as if fully set forth herein and further states:

208.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

209.    Plaintiff engaged in statutorily protected activity when she requested reasonable accommodations for her medical limitations and made her complaints regarding the lack thereof.

210.    Plaintiff suffered an adverse employment action when she was constructively discharged.

211.    Plaintiff also suffered an adverse employment action when Defendant gave Plaintiff a negative employment reference.

212.    A causal connection exists between the protected activity and the adverse action.

213.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under FCRA because it treated Plaintiff less favorably because of her medical condition.

214.    Defendant does not have a legitimate, non-discriminatory reason for its mistreatment of Plaintiff.

215.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

216.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to FCRA.

217.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this _____ day of January 25, 2024.

***s/Annie L. Blanc***
Anthony Hall, Esq.
FL Bar No.: 40924
Annie L. Blanc, Esq.
FL Bar No.: 1005174
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: ablanc@theleachfirm.com
Email: aarmstrong@theleachfirm.com

***Attorneys for Plaintiff***
